IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. PINO, | : | No. 4:06cv439 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| LACKAWANNA COUNTY | : | |
| CORRECTIONAL FACILITY | : | |

## MEMORANDUM AND ORDER

April 17, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 1, 2006, Plaintiff John A. Pino ("Plaintiff" or "Pino"), proceeding pro se, filed a "Petition for Preliminary Injunction" (doc. 1) pursuant to 28 U.S.C. § 2284. In the Petition, Plaintiff requests that the "immediate institutional procedure that has created this influx of orange jump suits within the main stream of population be stopped[.]" (Rec. Doc. 1). Plaintiff alleges that his phobia of the color orange has caused him to be harassed and disrespected by staff personnel, which has risen to the level of cruel and unusual punishment under the Eighth Amendment.[1] Finally, Plaintiff asserts that he has been placed in the restricted housing unit ("RHU") as a result of his phobia.

---

[1] We note that chrysophobia is the fear of the color orange. http://www.aboutphobias.com, last visited on April 13, 2006.

1

**DISCUSSION:**

28 U.S.C. § 1915(e)(2) provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or **(B) the action or appeal (i) is frivolous or malicious**; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added). Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit Court of Appeals added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."

We initially note that Plaintiff has filed his "Petition for Preliminary Injunction" pursuant to 28 U.S.C. § 2284; however, 28 U.S.C. § 2284 addresses

---

[2] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

2

challenges to the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.  See 28 U.S.C. § 2284(a).  Clearly, Plaintiff has not challenged either the constitutionality of the apportionment of congressional districts nor the apportionment of a statewide legislative body.  Instead, Plaintiff appears to be attempting to stop an alleged institutional procedure of bringing inmates wearing orange jump-suits into the general prison population.  Even taking all of Plaintiff's allegations as true, we clearly do not find that harassment and disrespect from prison staff personnel and placement in the RHU as a result of Plaintiff's phobia of the color orange rises to the level of cruel and unusual punishment under the Eighth Amendment.

Indeed, on our way to work this morning we noticed orange emergency vehicles, bright orange road construction pylons, and associated construction workers in their orange vests.  Looking to the east, we viewed a beautiful sunrise tinged in orange.  Would we enjoin these uses of orange upon the prayer of an individual who claims to be distressed based upon the omnipresent applications of this bright color?  We would not, and in the case of the sun could not.  So it is then with an orange jump-suit worn by an inmate.  Moreover, were we to interfere with the institutional procedures in prisons based on inmates' stated phobias, there would be no end to filings of this type.  Neither the law, nor common sense,

3

commands us to do so.

Plaintiff's action is frivolous, it presents an indisputable meritless legal theory. See Neitzke, 490 U.S. at 327-28; Wilson, 878 F.3d at 774. In that regard, it is readily apparent that Plaintiff's action lacks an arguable basis in law. See Roman, 904 F.2d at 194.

We will accordingly exercise our discretion under 28 U.S.C. § 1915(d) to dismiss Plaintiff's frivolous in forma pauperis complaint. See Wilson, 878 F.2d at 774. Plaintiff's complaint will be dismissed with prejudice as permitting leave to amend would be futile under the circumstances. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). "An amendment is futile is the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Id.

# NOW, THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's Application to Proceed <u>In Forma Pauperis</u> (doc. 4) is GRANTED.

2. Plaintiff's complaint (doc. 1) is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk shall close the file on this case.

John E. Jones III
United States District Judge